## Marshall v. Marshall

*J. Wilson Ames*, for petitioner; *A. G. Rutherford*, for respondent.

SWOYER, P. J., July 18, 1932.—This is a feme sole trader proceeding and comes before the court on petition and answer filed; a hearing has been had and briefs have been filed on the part of both petitioner and respondent.

It appears from the papers in the case, as well as from the testimony taken, that the petitioner and the respondent were married March 27, 1895, and lived together as man and wife until November 11, 1929. At or about that date the petitioner ordered the respondent to leave her farm—there is some testimony, uncontradicted, that this order was accompanied by threats of bodily harm— whereupon the respondent did leave the farm, separated himself from the petitioner and has not since lived with her or contributed to her support. It is also in evidence, and either admitted or not denied, that the petitioner has means to support herself and that the farm upon which both of the parties resided prior to November 11, 1929, was deeded to the petitioner by the respondent on June 3, 1921.

The proceedings are brought under the Act of May 28, 1915, P. L. 639, which provides as follows:

"Whenever a man and wife live apart and separate for one year or more, and all marital relations between them have ceased, and the husband, for one year or more has not supported his wife . . . the wife may petition the court of common pleas of the county in which she resides to be decreed a feme sole trader; and, if it thereupon appear, upon proof presented, that the wife and husband have been living separate and apart for one year or more, that the husband has not supported nor contributed toward the support of his wife, and that the wife by her own industry . . . or by reason of an income from her own estate, has maintained herself . . . in every such case, the wife shall be declared a feme sole trader."

The act distinctly sets forth the conditions under which such a decree shall issue, viz.: (1) Life separate and apart for one year or more; (2) cessation of marital relations; (3) failure on the part of the husband to support or to contribute to the support of his wife; (4) that the wife by her own industry or by reason of an income from her own estate shall have maintained herself. These conditions being proved, the issuance of the decree becomes mandatory.

The requirements of the act are fully met under the uncontradicted testimony in the case.

It is well and ably argued by the learned counsel for the respondent that the petitioner, having caused the separation by her own act in ordering the respondent to leave her property and home, should not be permitted to reap the advantage of her own allegedly wrongful act. Perhaps unfortunately, the court cannot consider rules of conduct in construing the plain meaning of the act of assembly. In the words of our learned brother, Judge McDevitt, in In re Bessie D. Bremer, 3 D. & C. 685, 688:

"In construing acts of assembly, words of common usage are to be understood in their natural, plain, ordinary and genuine signification, as applied to the subject-matter of the enactment. The legislature must be intended to mean what it has plainly expressed, and, consequently, there is no room for construction. While courts are not to mould the language of the statutes in order to meet an alleged convenience or an alleged equity; are not to be influenced by any notion of hardship or of what in their view is right and reasonable or prejudicial to society; are not to alter clear words, though the legislature may not have contemplated their consequences; are not to tamper with words for the purpose of giving them a construction which is supposed to be more consonant with justice than their ordinary meaning; at the same time, where clear and unequivocal language capable of only one meaning is used by the legislature, it must be enforced, even though it be absurd or mischievous."

Further, were we to go into the equities of this case we might be constrained to ask whether the respondent, having conveyed a piece of real estate to his wife in 1921, for, as he states in his testimony, her "support and maintenance," should be permitted eleven years later and while not otherwise providing for her support to at least partially nullify and revoke that gift by preventing her from disposing of it.

We have carefully studied the authorities cited by learned counsel on both sides and find nothing therein to alter the opinion upon which we have entered the following

### *Decree.*

And now, to wit, July 18, 1932, it appearing to the court that the petitioner and her husband have lived separate and apart for a period of nearly three years, and that there has been a cessation of marital relations between them, and that John F. Marshall, the husband of the petitioner, Mary J. Marshall, has during said separation failed and neglected to support his said wife or to contribute towards her support, and that the said petitioner has been maintained solely and exclusively from her own personal estate, it is hereby ordered and decreed that the said Mary J. Marshall be and she is hereby declared to be a feme sole trader, and her property, real and personal, however acquired, shall be subject to her own free and absolute disposal during her lifetime or by will without any liability to be interfered with or restrained by her said husband, John F. Marshall, and in case of intestacy, all of her property shall go to her next of kin as if her said husband were previously dead, according to the act of assembly in such case made and provided.